United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41681
Conference Calendar

_____

MELVIN MOORE,

Plaintiff-Appellant,

versus

FRANCIS CHERIAN; DAVID ONUORA, Physician's Assistant;
CHARLES JAMES, also known as Charles James, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-267
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Melvin Moore, Texas prisoner # 893206, proceeding pro se and

in forma pauperis (IFP), appeals the district court's dismissal

of his 42 U.S.C. § 1983 complaint without prejudice on summary

judgment for failure to exhaust administrative remedies.

Because Moore did not complete the submission of this

grievance until after his lawsuit was filed, he did not fulfill

the requirement that he exhaust his administrative remedies

before filing his lawsuit. See 42 U.S.C. § 1997e(a); Wendell v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Asher, 162 F.3d 887, 890-91 (5th Cir. 1998). In addition, Moore's allegation that the defendants withheld evidence that would show his full compliance with the required grievance procedures is raised for the first time on appeal and is therefore not considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Because Moore's arguments are clearly without merit, the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under the Prison Litigation Reform Act. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Moore is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.